108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Judith A. STRATTON, Plaintiff-Appellant,
v.
HAWAII ELECTRIC LIGHT COMPANY, Defendant-Appellee.
 Nos. 95-16142, 95-17262.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Dec. 16, 1996.
 
 Before: WALLACE, SCHROEDER, and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Judith Stratton appeals the district court's summary judgment in favor of Hawaii Electric Light Company ("HELCO") in her action under Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12117 ("ADA"), and Hawaii Rev.Stat. § 378, alleging that HELCO did not hire her because of a disability, namely, a sensitivity to ammonia. HELCO cross-appeals the district court's denial of its motion for attorneys' fees and non-taxable costs.
 
 
 3
 Stratton contends that HELCO discriminated against her because of her past disability, which arose from her toxic exposure to ammonia fumes in 1991 that left her with a record of an impairment affecting two major life activities: walking and breathing. See 42 U.S.C. § 12102(2) and § 12112(a); 29 C.F.R. §§ 1630.2(g)-(k) (1996).
 
 
 4
 In this case, we may assume without deciding that Stratton had a qualifying history of disability and demonstrated at least a genuine issue of fact as to her ability to perform the essential functions of the job. HELCO has nevertheless demonstrated a legitimate, nondiscriminatory reason for its refusal to hire Stratton: its reasonable belief, upon review of her medical records, that performance of the planner's aide job duties would pose a substantial risk to Stratton's health. An uncontroverted showing of a legitimate, nondiscriminatory reason is a defense to a charge of discrimination under the ADA. 29 C.F.R. § 1630.15(a); cf. Ritter v. Hughes Aircraft Co., 58 F.3d 454, 456-58 (9th Cir.1995) (applying framework of McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973), in context of ADEA and § 510 ERISA claims).
 
 
 5
 Consistent with the ADA, an employer may require that an individual "not pose a direct threat to the health or safety of other individuals in the workplace." 42 U.S.C. § 12113(b). In the interpretive guidance appended to the regulations, the EEOC has interpreted "direct threat" to include threats to one's own health or safety:
 
 
 6
 An employer is also permitted to require that an individual not pose a direct threat of harm to his or her own safety or health. If performing the particular functions of a job would result in a high probability of substantial harm to the individual, the employer could reject or discharge the individual unless a reasonable accommodation that would not cause an undue hardship would avert the harm.
 
 
 7
 29 C.F.R. Part 1630 Appendix § 1630.2(r).
 
 
 8
 HELCO's decision not to hire Stratton was based upon its reasonable belief, on the basis of Dr. Ono's evaluation, that performing the duties of a planner's aide would result in a high probability of substantial harm to Stratton's health. Since a planner's aide must constantly handle blueprints treated with ammonia, no reasonable accommodation was possible. Because HELCO's decision was motivated by a legitimate, nondiscriminatory reason, the district court's grant of summary judgment was proper.
 
 
 9
 Although unsuccessful, Stratton's claim was not frivolous. The district court did not abuse its discretion in denying HELCO's motion for fees.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3